# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER SANGALANG, *et al.*,<br><br>    Defendants. | Case No. 2:08-CR-00140-KJD-GWF<br><br>**ORDER** |

    Before the Court for consideration is the Report and Recommendations (#207) of Magistrate Judge George W. Foley entered October 29, 2009, recommending that Defendant Christopher Sangalang's and Deandre Patton's Motion to Dismiss (#67) be denied. Objections (#213) to the Magistrate Judge's Report and Recommendation were filed by Defendants pursuant to Local Rule IB 3-2 of the Local Rules of Practice of the United States District Court of the District of Nevada. The Government filed a response in opposition (#219) to the objections. Defendants also filed a Motion for Limited Rehearing (#212). Plaintiff filed a response in opposition (#219) to the motion for rehearing.

    The Court has conducted an extensive and detailed *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Report and

Recommendations (#207) of the United States Magistrate Judge entered October 29, 2009, should be **ADOPTED** and **AFFIRMED**.

The magistrate judge properly held that the overall scheme, ferreting out criminal activity by proposing illegal activity to the Defendants that the Government reasonably believed would be acted upon based upon Defendants' statements and conduct, was not so outrageous that it violated fundamental fairness and was shocking to the universal sense of justice. See United States v. Williams, 547 F.3d 1187, 1199 (9th Cir. 2008)(citing the five factors set forth in United States v. Bonnano, 852 F.2d 434, 437-38 (9th Cir. 1998) that, when satisfied, indicate the government conduct was acceptable). Upon its *de novo* review, the Court finds that the five factors have been satisfied in this case.

In relation to the specific firearms and narcotics crimes charged in this action, the magistrate judge correctly concluded that the totality of evidence presented during the hearings does not support the conclusion that Defendants were coerced into committing any of the charged crimes because they feared the undercover agents or the informant, Richard Beckworth.

The magistrate judge also correctly concluded that the alleged illegal drug use by Agent Peter McCarthy does not support dismissal of the indictment, because Defendants have not met their burden in proving that McCarthy did, in fact, use illegal drugs. Even if the evidence had been substantial enough, which it was not, there was little or no evidence that such drug use played a role in the firearms or narcotics transactions, and dismissal is not supported by the relevant case law. See United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir. 1991); United States v. Simpson, 927 F.2d 1088 (9th Cir. 1987); United States v. Ramirez, 710 F.2d 535, 540-41 (9th Cir. 1983).

Finally, the magistrate judge correctly found that the agents were acting in good faith when they destroyed any video or audio evidence contained on DVDs that did not include the agents' interactions with Defendants. The agents did not destroy the DVDs "in a calculated effort to circumvent the due process requirements[.]" California v. Trombetta, 467 U.S. 479 (1984). It was not "apparent before the evidence was destroyed" that the destroyed DVDs may have contained

exculpatory evidence. U.S. v. Cooper, 983 F.2d 928, 931 (9th Cir. 1993). Therefore, the Court cannot conclude that Defendants' due process rights have been violated.

Furthermore, the Court denies Defendants' motion for limited rehearing because Defendants have established no factual, evidentiary basis for the need for rehearing, other than the fact that Defendants "strenuously object to several of Magistrate Judge George Foley, Jr.'s determinations." See United States v. Raddatz, 447 U.S. 667, 680 (1980)(a district court may accept a magistrate judge's credibility determination without conducting a *de novo* evidentiary hearing).

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#207) entered April 30, 2009, are **ADOPTED** and **AFFIRMED**, and Defendants' Motion to Suppress (#67) is **DENIED**;

IT IS FURTHER ORDERED that Defendants' Motion for Limited Rehearing (#212) is **DENIED**.

DATED this 12th day of April 2010.

_____
Kent J. Dawson
United States District Judge